UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| B. RUBEN DEWAYNE, | * |
| | * |
|     Plaintiff, | * |
| | * |
|     v. | *   Civil Action No. 17-cv-10139-IT |
| | * |
| MERS, INC., J.P. MORGAN | * |
| MORTGAGE ACQUISITION CORP., | * |
| AND JPMORGAN CHASE BANK, N.A., | * |
| | * |
|     Defendants. | * |

MEMORANDUM & ORDER
June 28, 2017

TALWANI, D.J.

    I.    Introduction

On January 26, 2017, Defendants removed to this court Plaintiff B. Ruben DeWayne's Massachusetts state court complaint, asserting that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal [#1]. Plaintiff has moved to remand this action to state court. Notice & Demand to Remand ("Mot. Remand") [#6]. For the reasons set forth below, Plaintiff's Motion to Remand [#6] is DENIED.

    II.    Analysis

Plaintiff argues that remand is appropriate because he is prohibited from entering the federal courthouse in light of the REAL ID Act of 2005 (the "REAL ID Act"), Pub. L. 109-13, 119 Stat. 302 (2005). The REAL ID Act provides that federal agencies may not accept for any official purpose a driver's license or identification card issued by a State that does not meet certain requirements. Plaintiff states that current Massachusetts identification cards do not comply with

the REAL ID Act, and thus cannot be used to gain entry to this courthouse; instead, individuals must use a United States passport. Because Plaintiff does not have a United States passport, he cannot enter the courthouse, and as a result, cannot properly litigate his case.

Defendants respond that Plaintiff's argument is, for the moment, unavailing because the Department of Homeland Security granted Massachusetts an extension for REAL ID enforcement through October 10, 2017. See Dep't of Homeland Sec., Real ID Enforcement: Massachusetts, (last visited May 31, 2017), https://www.dhs.gov/real-id/massachusetts. Defendants argue that the fact that Plaintiff does not have a United States passport does not currently preclude him from entering the courthouse.

The court agrees that Plaintiff's motion to remand must be denied, but on somewhat different grounds. The REAL ID Act in no way limits this court's subject matter jurisdiction. In the event that rules, practices, or procedures implemented by the Department of Homeland Security may limit a litigant's access to the federal court, those rules would be subject to challenge, and this court would take steps to ensure access. If Plaintiff is precluded from entering the courthouse to litigate this matter on the ground that he does not have appropriate identification, he may bring the matter to the court's immediate attention by filing (by mail if necessary) an emergency motion for relief.

III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand [#6] is DENIED.

IT IS SO ORDERED.

Date: June 28, 2017 /s/ Indira Talwani
United States District Judge