UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| B. RUBEN DEWAYNE,<br><br>    Plaintiff,<br><br>    v.<br><br>MERS, INC., J.P. MORGAN<br>MORTGAGE ACQUISITION CORP.,<br>AND JPMORGAN CHASE BANK, N.A.,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 17-cv-10139-IT<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

July 12, 2017

TALWANI, D.J.

    On January 26, 2017, Defendants J.P. Morgan Mortgage Acquisition Corp., and JP Morgan Chase Bank, N.A. (together, "Chase"), and MERS, Inc. (collectively, "Defendants") removed to this court Plaintiff B. Ruben DeWayne's Massachusetts state court complaint. Notice of Removal [#1]. Plaintiff seeks a declaratory judgment concerning each party's "rights, relations, and status" with respect to the property located at 53 Charlotte Street, Dorchester, Massachusetts (the "subject property"). Compl. ¶ 8 [#1-1]. Pending before this court is Defendants' Motion to Dismiss the Complaint ("Mot. to Dismiss") [#4] and Plaintiff's Motion for an Injunction and Protective Order to Stay Foreclosure Pending Ruling on This Matter Brought in Good Faith ("Mot. for Inj. & Prot. Order") [#15], Motion to Strike, Objection and Opposition to the Motion of Defendants JPMorgan Mortgage Acquisition Corp., JPMorgan Chase Bank, N.A. and MERS, Inc. for Protective Order Staying Discovery Pending Ruling on Motion to Dismiss ("Mot. to Strike") [#16], and Motion for

Reconsideration of Order Granting Defendants' Motion and Protective Order to Stay Discovery ("Mot. for Reconsideration") [#18]. For the reasons set forth below, Defendants' Motion to Dismiss [#4] is GRANTED, and Plaintiff's Motion for Injunction and Protective Order [#15], Motion to Strike [#16], and Motion for Reconsideration [#18] are DENIED as moot.

I. Facts as Alleged in Plaintiff's Complaint

As alleged in the complaint, on or about May 11, 2007, Leitta Brooks obtained a loan from First National Bank of Arizona, secured by the subject property. Compl. ¶ 2a [#1-1]. Brooks executed a promissory note in the original principal amount of $500,000, granting a mortgage on the subject property in favor of lender First National Bank of Arizona (the "Brooks mortgage"). Mem. Supp. Mot. Dismiss Ex. B 2 [#5-2]. Under that instrument, MERS was the mortgagee, "acting solely as a nominee for Lender and Lender's successors and assigns." Id. at 1. On or about July 25, 2008, First National Bank of Arizona merged with First National Bank of Nevada, and was placed into receivership by the Federal Deposit Insurance Corporation. Compl. ¶¶ 2c-2d [#1-1]. Several years later, on or about September 22, 2014, MERS transferred and assigned First National Bank of Arizona's interest to Chase. Id. ¶ 2e. Chase claims to be the current owner and holder of the note and the Brooks mortgage. Id. ¶ 7. Plaintiff acquired title to the subject property on October 14, 2015, after Brooks conveyed it to him by quitclaim deed in exchange for work Plaintiff had performed on the subject property and $2,500. Id. ¶ 1.

II. Procedural History

Both Plaintiff and Brooks previously filed lawsuits against the Defendants regarding the Brooks mortgage. Brooks filed two lawsuits, both of which were dismissed. The First Circuit affirmed both dismissals. See Brooks v. JPMorgan Chase Bank, N.A., No. 13-2041 (1st Cir. 2014); Brooks v. JPMorgan Chase Bank, N.A., No. 15-1055 (1st Cir. 2015). Plaintiff also filed an action

in this court against the same defendants as the present action on December 30, 2015, seeking declaratory judgment regarding each party's rights to the subject property. DeWayne v. First Nat'l Bank of Arizona, 15-cv-14245-IT (the "First DeWayne Action"). The court allowed the Defendants' motion to dismiss the First DeWayne Action, [15-cv-14245, #64], and denied Plaintiff's motion to reconsider, [15-cv-14245-IT, #67]. The case was dismissed on December 1, 2016. [15-cv-14245-IT, #68]. On December 16, 2016, Plaintiff filed the instant action in Massachusetts state court. [#1-1]. As noted above, Defendants removed the case to this court on January 26, 2017. Notice of Removal [#1]. The parties' motion practice occurred thereafter.

### III. Defendants' Motion to Dismiss

Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the doctrine of res judicata precludes Plaintiff from asserting his claims and, in the alternative, that the Complaint fails to state a claim upon which relief can be granted.

#### A. *Standard of Review*

To survive a motion to dismiss, a complaint must include factual allegations that, taken as true, demonstrate a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-58 (2007). A plausible claim is one containing "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To assess a complaint, the court first "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 24 (1st Cir. 2016) (citation omitted). The court must then "determine whether the remaining facts allow it to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id.

3

This court can, in an appropriate case, consider the affirmative defense of res judicata on a Rule 12(b)(6) motion to dismiss. See In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). An appropriate case is one in which (1) "the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice," and (2) "the facts so gleaned must conclusively establish the affirmative defense." Id. In deciding a Rule 12(b)(6) motion to dismiss, a court is ordinarily limited to considering "only the complaint, documents attached to it, and documents expressly incorporated into it." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71-72 (1st Cir. 2014). The court can also consider matters of public record, Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013), including the record of the purportedly preclusive action where a "motion to dismiss is premised on a defense of res judicata." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008).

B.   *Application of Res Judicata*

Where "both the potentially precluding suit and the potentially precluded suit were litigated in federal courts, federal law governs the res judicata effect of the prior judgment." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 37 (1st Cir. 1998). Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)); see also In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d 47, 56 (1st Cir. 2007) ("Claim preclusion is based on the idea that the precluded litigant had the opportunity and incentive to fully litigate the claim in an earlier action, so that all matters that were or could have been adjudicated in the earlier action on the claim are considered to have been finally settled

4

by the first judgment."). A res judicata defense precludes litigation of a party's claims when the following elements have been established: (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identity between the causes of action asserted in the earlier and later suits, and (3) sufficient identity between the parties in the two actions. Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991), cert. denied, 502 U.S. 816 (1991).

Here, all three elements are satisfied. First, the court in the First DeWayne Action entered a final judgment on the merits by allowing Defendants' motion to dismiss, [15-cv-14245-IT, #64], and denying Plaintiff's motion to reconsider, [15-cv-14245-IT, #66-67]. See Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010) (citing AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005)) (holding that dismissal for failure to state a claim is "a final judgment on the merits").

Second, the causes of action articulated in the instant action and the First DeWayne Action are sufficiently identical. Causes of action are sufficiently identical when they "derive . . . from the same transaction or series of connected transactions." McDonough v. City of Quincy, 452 F.3d 8, 16 (1st Cir. 2006) (internal quotation marks omitted); see also Mass. Sch. of Law at Andover, 142 F.3d at 38 ("[The transactional approach] boils down to whether the causes of action arise out of a common nucleus of operative facts."). "Although a set of facts may give rise to multiple counts based on different legal theories, if those facts form a common nucleus that is identifiable as a transaction . . ., then those facts represent one cause of action." Herman v. Meiselman, 541 F.3d 59, 62 (1st Cir. 2008) (quoting Apparel Art Int'l, 48 F.3d at 583-84). Although the current complaint does not list any specific causes of action, it does request the same relief sought in the First DeWayne Action—declaratory judgment regarding the parties' "rights, relations, and status" as to the subject property. Compare Compl. ¶ 1 [#1-1], with Mot. Dismiss Ex. 4 ¶ 1 [#5-4].

Moreover, both complaints are based upon the same set of facts—the Brooks mortgage, MERS's transfer of the Brooks mortgage to Chase, and Plaintiff's subsequent acquisition of the property. These facts "form a common nucleus that is identifiable as a transaction." See Mass Sch. Of Law at Andover, 142 F.3d at 38. Where Plaintiff could have—and in fact did—bring a declaratory judgment claim in the First DeWayne Action based on the same transaction, the cause of action is sufficiently identical for purposes of res judicata.

Finally, the parties are sufficiently identical. Here, all the parties to the instant action were also parties in the First DeWayne Action. Thus, the facts "definitively ascertainable from" the complaint and the documents incorporated therein allow this court to conclude that the three requirements of claim preclusion are met, and therefore that the doctrine of res judicata bars Plaintiff's claims in this action. Accordingly, Defendants' Motion to Dismiss [#4] is GRANTED.

IV. Plaintiffs' Remaining Motions

A. *Motion for Injunction and Protective Order*

Plaintiff filed a Motion for Injunction and Protective Order [#15] on March 22, 2017, alleging that Chase intended to foreclose on the subject property and seeking an injunction and protective order from this court to stop the foreclosure. Id. ¶¶ 24, 26. In that same motion, Plaintiff also appears to have requested that the court order that discovery move forward. Id. ¶¶ 23, 27. However, as this court determined in the First DeWayne Action, where Plaintiff is not a party to the Brooks Mortgage, Plaintiff cannot assert claims regarding that mortgage on Brooks' behalf. Moreover, to the extent Plaintiff seeks to bring those claims again, as discussed above, they are barred by the doctrine of res judicata. Finally, having granted Defendants' Motion to Dismiss [#4], Plaintiff's Motion for Injunction and Protective Order [#15] is now moot. Accordingly, the Motion for Injunction and Protective Order [#15] is DENIED as moot.

B.  *Motion to Strike*

Also on March 22, 2017, Plaintiff filed a motion to strike, and memorandum of opposition to, the Defendants' Motion for Protective Order Staying Discovery Pending Ruling on Motion to Dismiss ("Mot. for Protective Order") [#10]. Mot. Strike [#16]. Plaintiff did not file his Motion to Strike [#16] until after the court allowed the motion for protective order and stayed discovery. See Order [#13]. Moreover, Plaintiff subsequently filed a motion for reconsideration of the court's order granting Defendant's motion for protective order. See Mot. Reconsideration [#18]. Accordingly, Plaintiff's Motion to Strike [#16] is DENIED as moot.

C.  *Motion for Reconsideration*

Finally, on April 10, 2017, Plaintiff moved for reconsideration of the court's order granting Defendants' Motion for Protective Order [#10] and staying discovery. Mot. Reconsideration [#18]. He seeks reconsideration on the basis of this court's alleged bias, and the injury he has suffered— the uncertainty with respect to his rights to the subject property—as a result of that order. See generally id. However, as discussed above, this court's decision to grant Defendants' Motion to Dismiss [#4] renders his Motion for Reconsideration [#18] moot, and it is therefore DENIED.

V.  Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [#4] is GRANTED, and Plaintiff's Motion for Injunction and Protective Order [#15], Motion to Strike [#16], and Motion for Reconsideration [#18] are DENIED as moot.

IT IS SO ORDERED.

Date: July 12, 2017 /s/ Indira Talwani
United States District Judge